**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

**IN ADMIRALTY**

DANN MARINE TOWING LC

    **Plaintiff**

    vs.                        **CASE NO.:**

GENERAL SHIP REPAIR CORP.

    **Defendant**

_____/

**COMPLAINT**
**Rule 9(h)**

Plaintiffs, DANN MARINE TOWING LC ("DMT"), through undersigned counsel and for its Complaint against the Defendant, GENERAL SHIP REPAIR CORP. ("GSR"), states as follows:

1.    This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. Jurisdiction is proper under 28 United States Code § 1333 in that this matter involves a maritime claim. Venue is appropriate under 28 United States Code § 1391(b)(2) as all relevant events giving rise to this claim occurred in this district.

2.    DMT is a Maryland corporation with its principle place of business at P.O. Box 250, Canal Place, Chesapeake City, Maryland and is in the business of marine tug and towing services. DMT operates the tug *IVORY COAST* (the "Vessel").

3.    GSR is a Maryland corporation with its principle place of business at 1449 Key Highway, Baltimore, Maryland and is in the business of ship repair services.

4. On or about September 30, 2011, GSR forwarded a proposal (the "Proposal") for ship repair work for the Vessel. The Proposal included an item to "[f]urnish labor, material, and equipment to crop and renew" the upper sheer strake of the starboard side shell of the vessel. GSR further promised it would "[p]rovide all necessary fire watch during all hot-work." The Proposal is attached as "Exhibit A."

5. Pursuant to the Proposal, DMT brought the Vessel to GSR's facility in Baltimore to have the repairs performed.

6. On or about October 10, 2011 a GSR welder was performing hot-work on the Vessel's starboard shell plating. He performed the hot-work 1) without a fire watch; 2) without fire blankets to prevent the spread of fire; and 3) while standing on or near unprotected combustible materials.

7. As a direct result, a fire broke out on the Vessel causing extensive damage.

## COUNT I
## BREACH OF CONTRACT

8. DMT re-alleges and incorporates Paragraphs 1 through 7, as if fully stated herein.

9. GSR's Proposal sets forth the terms of GSR's contract with DMT for repairs to the Vessel.

10. GSR is liable to DMT for breach of contract for failure to provide the necessary fire watch during the performance of hot-work on the Vessel.

11. The breach of this express contractual provision directly resulted in foreseeable and substantial damage to the Vessel as well as economic damages arising from the fire; including loss of use, loss of profits and other consequential damages in amounts to be proved at trial.

WHEREFORE, Plaintiff DMT, requests entry of Judgment against Defendant for the aforesaid damages, plus pre and post-Judgment interest, costs, and attorney's fees, and for such other and further relief as is deemed just and proper.

## COUNT II
## BREACH OF IMPLIED WARRANTY OF WORKMANLIKE PERFORMANCE

12. DMT re-alleges and incorporates Paragraphs 1 through 7, as if fully stated herein.

13. Pursuant to the parties' agreement, GSR owed DMT a duty under the general maritime law to conduct welding repairs in a reasonable, workmanlike manner.

14. At all relevant times the welding repairs were performed under the exclusive control of GSR.

15. GSR failed to use the degree of diligence, attention and skill adequate to properly complete the task of welding repairs.

16. As a result of GSR's breach of its warranty of workmanlike performance and refusal to fix the failed damage caused by the welding repair, DMT suffered foreseeable and substantial damage to the Vessel as well as economic damages arising from the fire; including loss of use, loss of profits and other consequential damages in amounts to be proved at trial.

WHEREFORE, Plaintiff DMT, requests entry of Judgment against Defendant for the aforesaid damages, plus pre- and post-Judgment interest, costs, and attorney's fees, and for such other and further relief as is deemed just and proper.

## COUNT III
## NEGLIGENCE

17. DMT re-alleges and incorporates Paragraphs 1 through 7, as if fully stated herein.

18. GSR owed DMT a duty to take reasonable precautions during the performance of hot-work on the Vessel.

19. GSR breached its duty to DMT by 1) failing to provide a fire watch for the hot-work; 2) failing to use fire blankets in the immediate area of the hot-work; and/or 3) failing to remove combustible materials from the area of the hot-work.

20. GSR's acts and/or omissions resulted in the ignition and spread of the fire that caused foreseeable and substantial damage to the Vessel as well as economic damages arising from the fire; including loss of use, loss of profits and other consequential damages.

WHEREFORE, Plaintiff DMT, requests entry of Judgment against Defendant for the aforesaid damages, plus pre- and post-Judgment interest, costs, and attorney's fees, and for such other and further relief as is deemed just and proper.

## COUNT IV
## GROSS NEGLIGENCE

21. DMT re-alleges and incorporates Paragraphs 1 through 7, as if fully stated herein.

22. GSR owed DMT a duty to take reasonable precautions during the performance of hot-work on the Vessel.

23. GSR failed to perform this duty in reckless disregard of the consequences to the property of DMT by intentionally failing to use the minimum safety precautions called for by industry standards and common sense, including 1) failing to provide a fire watch for the hot-work; 2) failing to use fire blankets in the immediate area of the hot-work; and/or 3) failing to remove combustible materials from the area of the hot-work.

24. GSR's egregious acts and/or omissions resulted in the ignition and spread of the fire that caused foreseeable and substantial damage to the Vessel as well as economic damages arising from the fire; including loss of use, loss of profits and other consequential damages in amounts to be proved at trial.

WHEREFORE, Plaintiff DMT, requests entry of Judgment against Defendant for the aforesaid damages, plus pre and post-Judgment interest, costs, attorney's fees, and punitive damages, and for such other and further relief as is deemed just and proper.

## COUNT V
## BREACH OF BAILMENT

25. DMT re-alleges and incorporates Paragraphs 1 through 7, as if fully stated herein.

26. On or about October of 2011, GSR took full care, custody and control of the Vessel from DMT for the purpose of making repairs to it.

27. Notwithstanding needed repairs, the Vessel was otherwise in good condition at the time GSR took full care, custody and control.

28. On or about October 10, 2011, the Vessel was severely damaged by a fire while in the care, custody and control of GSR.

29. As a direct and proximate result of GSR's breach of bailment, the Vessel suffered substantial damage from the fire and caused DMT economic damages including loss of use, loss of profits and other consequential damages in amounts to be proved at trial.

WHEREFORE, Plaintiff DANN MARINE TOWING LC, requests entry of Judgment against Defendant for the aforesaid damages, plus pre and post-Judgment interest, costs, and attorney's fees, and for such other and further relief as is deemed just and proper.

[SIGNATURE BLOCK ON THE NEXT PAGE]

Respectfully submitted,

/s/ David C. Dembert

**David C. Dembert**
Federal Bar Number:  08567
ddembert@jdlaw.com
Jacobs & Dembert, P.A.
One South Street, Suite 2100
Baltimore, Maryland 21202-3279
Tel:  410-727-4433
Fax:  410-752-8105
www.jacobsanddembert.com
*Attorneys for Plaintiff*