# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MARYLAND

## IN ADMIRALTY

-----------------------------------------------------------X

DANN MARINE TOWING LC,

                Plaintiff,

         vs.

GENERAL SHIP REPAIR CORP.,

                Defendant.

-----------------------------------------------------------X

Case No.: 12 CV 01610 (WDQ)

## ANSWER

Defendant, THE GENERAL SHIP REPAIR CORPORATION, (hereinafter "General Ship Repair" or "Defendant"), sued in error as GENERAL SHIP REPAIR CORP. by and through its attorneys, MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN, for its Answer to the Plaintiff's Complaint, states as follows:

**1.**  The allegations set forth in Paragraph "1" of the Complaint call for legal conclusions for which no response is required. However, General Ship Repair does not contest the propriety of subject matter jurisdiction or venue in this matter.

**2.**  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph "2" of Plaintiff's Complaint.

**3.**  Admits that General Ship Repair is a Maryland corporation and that its principal place of business is located at 1449 Key Highway, Baltimore, Maryland and that it is engaged in the business of, among other things, vessel repair.

**4.** Denies that the proposal attached as Exhibit "A" to the Complaint is the final, agreed upon or complete work proposal for the work described in Paragraph "4" of the Plaintiff's Complaint.

**5.** Admits that Plaintiff brought its vessel to General Ship Repair's facility. Except as so admitted denies the remaining allegations contained in Paragraph "5" of the Plaintiff's Complaint.

**6.** Admits that General Ship Repair's welder performed hot work on the vessel on or about October 10, 2011. Except as so admitted denies the remaining allegations contained in Paragraph "6" of Plaintiff's Complaint.

**7.** Denies the allegations contained in Paragraph "7" of Plaintiff's Complaint.

**8.** Repeats and realleges each and every averment, denial, admission and other allegation contained in Paragraph "1" through "7" of this Answer as if fully set forth herein.

**9.** Denies the allegations contained in Paragraph "9" of Plaintiff's Complaint.

**10.** Denies the allegations contained in Paragraph "10" of Plaintiff's Complaint.

**11.** Denies the allegations contained in Paragraph "11" of Plaintiff's Complaint.

**12.** General Ship Repair repeats and realleges each and every averment, denial, admission and other allegation contained in Paragraphs "1" through "11" of this Answer as if fully set forth herein.

**13.** The extent of any duty which General Ship Repair undertook in respect of the performance of its work on the vessel is set forth in General Ship Repair's terms and conditions which are expressly incorporated into the contract between plaintiff and General Ship Repair and annexed hereto as "GSR Exhibit A". Except as so admitted, General Ship Repair denies the remaining allegations contained in Paragraph "13" of the Complaint.

**14.**     Denies the allegations contained in Paragraph "14" of Plaintiff's Complaint.

**15.**     Denies the allegations contained in Paragraph "15" of Plaintiff's Complaint.

**16.**     Denies the allegations contained in Paragraph "16" of Plaintiff's Complaint.

**17.**     General Ship Repair repeats and realleges each and every averment denial, admission and other allegation contained in Paragraphs "1" through "16" of this Answer as if fully set forth herein.

**18.**     The extent of any duty which General Ship Repair undertook in respect of the performance of its work on the vessel is set forth in General Ship Repair's terms and conditions which are expressly incorporated into the contract between plaintiff and General Ship Repair and annexed hereto as "GSR Exhibit A". Except as so admitted, General Ship Repair denies the remaining allegations contained in Paragraph "18" of Plaintiff's` Complaint.

**19.**     Denies the allegations contained in Paragraph "19" of Plaintiff's Complaint.

**20.**     Denies the allegations contained in Paragraph "20" of the Plaintiff's Complaint.

**21.**     General Ship Repair repeats and realleges each and every averment denial, admission and other allegation contained in Paragraphs "1" through "20" of this Answer as if fully set forth herein.

**22.**     The extent of any duty which General Ship Repair undertook in respect of the performance of its work on the vessel is set forth in General Ship Repair's terms and conditions which are expressly incorporated into the contract between plaintiff and General Ship Repair and annexed hereto as "GSR Exhibit A". Except as so admitted, denies the remaining allegations contained in Paragraph "22" of Plaintiff's Complaint.

**23.**     Denies the allegations contained in Paragraph "23" of Plaintiff's Complaint.

**24.**     Denies the allegations contained in Paragraph "24" of Plaintiff's Complaint.

**25.** General Ship Repair repeats and realleges each and every averment denial, admission and other allegations contained in Paragraphs "1" through "24" of this Answer as if fully set forth herein.

**26.** Denies the allegations contained in Paragraph "26" of Plaintiff's Complaint.

**27.** Denies the allegations contained in Paragraph "27" of Plaintiff's Complaint.

**28.** Denies the allegations contained in Paragraph "28" of Plaintiff's Complaint.

**29.** Denies the allegations contained in Paragraph "29" of Plaintiff's Complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

**30.** Plaintiff fails to state a cause of action upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

**31.** General Ship Repair performed its work on plaintiff's vessel pursuant to a binding contract the terms and conditions of which expressly preclude plaintiff from any recovery of any the damages which plaintiff claims herein, or in the alternative, limits General Ship Repair's liability to the amount of $300,000.00 of any actual damage suffered and proven at trial, and which terms and conditions specifically exclude any recovery for any alleged economic damages, such as loss of use, loss of profits or other consequential damages. A copy of General Ship Repair's terms and conditions, which are expressly incorporated into the contract between Plaintiff and General Ship Repair, are annexed hereto as GSR Exhibit "A".

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

**32.** Plaintiff is not entitled to any recovery from defendant by reason that the fire on plaintiff's vessel was caused by the plaintiff's own negligence, plaintiff's assumption of the risk and breach of plaintiff's contractual obligations to General Ship Repair for having failed to present the vessel in a gas free and safe condition and/or for having compromised the gas free

and safe condition onboard the vessel which rendered it an unfit and dangerous place for General Ship Repair to perform its work.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

**33.** Plaintiff is guilty of spoliation of the evidence and is not entitled to any recovery by reason of its unilateral decision to direct the vessel to vacate defendant's ship repair facility before defendant had the opportunity to properly survey and assess the actual damages alleged to have been caused by the fire and by subsequently failing to allow General Ship Repair to survey and assess any work done or contemplated after plaintiff directed the vessel to vacate General Ship Repair's ship repair facility.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

**34.** Plaintiff is estopped from any claim of warranty or representation, whether express or implied, other than those set forth in General Ship Repair's terms and conditions, inasmuch as no alleged warranty or representation was made in writing, or subscribed to in writing, by General Ship Repair and as such are not enforceable under the Statute of Frauds.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

**35.** Upon information and belief, plaintiff's vessel was insured under a policy of marine insurance which was in full force and effect at the time plaintiff's alleged damages are said to have been sustained. Thereafter, pursuant to the terms and conditions of said policy, plaintiff made a claim for damages to its vessel alleged to have been sustained by reason of the October 10, 2011 fire and plaintiff was thereafter paid by its insurance company for its loss and thereupon assigned to the insurance company all of its rights, title and interest in said damages. Plaintiff, therefore, is not the real party in interest herein and is not entitled to maintain this action.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

**36.** As the plaintiff contributed to the damages incurred by the vessel in this maritime incident, should plaintiff be successful in proving all or any of its claims against General Ship Repair then liability for such damages is to be allocated according to each party's proportionate share of fault and equally only if the parties are equally at fault.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

**37.** Any damages alleged to have been suffered by plaintiff, if recoverable, must be limited under principles of maritime law to the pre-casualty actual value of the vessel.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

**38.** Any damages sustained by plaintiff are the result of plaintiff's own negligence, carelessness and/or reckless and wanton disregard of the consequences of its own conduct and as such, are not recoverable from General Ship Repair.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

**39.** Any damages sustained by plaintiff were, to the extent not caused by plaintiff's own acts or omissions, the result of the acts or omissions of others for whom General Ship Repair is not legally responsible.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

**40.** Plaintiff failed to properly mitigate its damages.

**WHEREFORE**, General Ship Repair respectfully request this Court to enter judgment in its favor dismissing the Complaint assessing costs and reasonable attorneys' fees for defending this action in favor of General Ship Repair; and for such other and different relief as this Court may deem just and proper.

**MARSHALL, DENNEHEY, WARNER,
COLEMAN & GOGGIN**

       *Attorneys for Defendant,*
       *General Ship Repair Corporation*

By: _____
    Armand Della Porta (2861)
    1220 N. Market Street 5th Floor
    P.O. Box 8888
    Wilmington, DE 19899-8888
    302-552-4300

Dated: September 27, 2012

27/1696803.v1